UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **STEVEN WAYNE KOLB** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     v. | )    No. 4:21-CV-1393 PLC |
| | ) |
| **ELLIS BROWN, ET AL.,** | ) |
| | ) |
|     **Defendants.** | ) |
| | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the record. On February 25, 2022, Plaintiff Steven Kolb filed a motion for entry of default against Defendant Ellis Brown by the Clerk of Court pursuant to Fed. R. Civ. P. 55(a). [ECF No. 12] The Clerk of Court entered default on March 1, 2022. [ECF No. 13]

Upon review of the proof of service filed by Plaintiff as to Defendant Brown, an inmate at Yazoo Federal Prison, the Court finds that the proof of service is insufficient. Federal Rule of Civil Procedure 4(e) provides the following methods by which a plaintiff may effectuate service of process in federal court: (1) as allowed by state law in the state where the district court is located;[1]

---

[1] Missouri Supreme Court Rule 54.13 provides:

> Personal service within the state shall be made … Upon an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process.

(2) by "delivering a copy of the summons and of the complaint to the individual personally"; (3) by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"; or (4) by "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). See also Cheeks v. Belmar, 331 F.R.D. 499, 502-03 (E.D. Mo. 2019). If a defendant is not properly served, a federal court lacks jurisdiction over that defendant. Adams v. AlliedSignal General Aviation Avionics, 74 F.3d 882, 885 (8th Cir. 1996) (citing Printed Media Services, Inc. v. Solna Web, Inc., 11 F.3d 838, 843 (8th Cir. 1993)).

Here, the proof of service states: "I served the summons on CSO Brown, who is designated by law to accept service of process on behalf of Federal Correction Institute – USP Yazoo City" on 1-24-22[.]" [ECF No. 11] Under the heading, "Additional information regarding attempted service, etc.," the process server wrote: "A copy of the summons will be mailed to Ellis Brown on 1/25/22." [Id.] Defendant Brown did not file an answer or other response and the deadline for doing so is long past.

---

Missouri Supreme Court Rule 54.13(b)(1). Missouri Supreme Court Rule 54.16 provides, in relevant part, that a defendant may be served by

> mailing a copy of the summons and petition by first class mail, postage prepaid, to the person to be served, together with two copies of a notice and acknowledgment … and a return envelope, postage prepaid addressed to the sender. If no acknowledgment of service under this Rule 54.16 is completed and returned to the sender, service of the summons and petition shall be made as otherwise provided by statute or rule….

Missouri Supreme Court Rule 54.16. Missouri courts require strict application of the service-of-process rules to acquire personal jurisdiction over a defendant. Williams v. Zellers, 611 S.W.3d 357, 364 (Mo. Ct. App. 2020). "Service of process under Rule 54.16 by first class mail is only satisfied when the acknowledgment of service is completed and returned to the sender[.]" Carter v. Schoonover, 4:21-CV-688 RK, 2022 WL 993088, at *2 (W.D. Mo. Mar. 24, 2022).

The proof of service reflects that Defendant Brown was neither served personally nor served at his dwelling or usual place of abode with someone who resides there.  To the extent that the proof of service purports to show service on an authorized agent, the process server stated that CSO Brown was "designated by law to accept service of process on behalf" of the institution where Defendant Brown is incarcerated, not on behalf of Defendant Brown.  Plaintiff offers no evidence demonstrating that CSO Brown was legally authorized to accept service on Defendant Brown's behalf.[2]  Without further evidence, the proof of service filed by Plaintiff is insufficient to establish proof of service on Defendant Brown.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk's Entry of Default [ECF No. 13] is **WITHDRAWN** for insufficient proof of service.

**IT IS FURTHER ORDERED** that Plaintiff shall, no later than **April 25, 2022**, either effect proper service on Defendant Brown and file proof of service or show cause in writing why this action should not be dismissed without prejudice as to Defendant Brown for lack of timely service pursuant to Federal Rule of Civil Procedure 4(m).

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE
JUDGE

Dated this 11th day of April, 2022

---

[2] The Court notes that, while Missouri law permits service by mail, service is not effective unless the person served returns an acknowledgement of receipt of summons.  A review of the record reveals no acknowledgement signed and returned by Defendant Brown.