**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **STEVEN WAYNE KOLB,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. 4:21-CV-1393 PLC |
| | ) |
| **OFFICER ELLIS BROWN, et al.** | ) |
| | ) |
| **Defendant.** | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Steven Wayne Kolb's motion for additional time to serve Defendant Ellis Brown and for leave to submit a new summons for certification by the clerk.

Plaintiff originally filed his complaint against Defendants Ellis Brown, Aaron Jimenez, and City of St. Ann, Missouri in state court. [ECF No. 3]. Plaintiff perfected service on Defendants Jimenez and City of St. Ann and, on November 24, 2021, they removed the case to federal court. [ECF No. 1] On January 24, 2022, Plaintiff's process server attempted to serve Defendant Brown but the Court subsequently ruled the proof of service filed by Plaintiff was insufficient to establish service. [ECF No. 14] Plaintiff now seeks an extension of four weeks in which to serve Defendant Ellis Brown with process and complaint.

When a defendant is not served with process and complaint within ninety days of the filing of the lawsuit, Federal Rule of Civil Procedure 4(m) requires the court to either dismiss the lawsuit without prejudice or, if the plaintiff shows good cause for the failure to timely serve the defendant,

extend the time for service of process. Fed. R. Civ. P. 4(m).[1] Good cause requires a showing of "at least 'excusable neglect'—good faith and some reasonable basis for noncompliance with the rules." Adams v. AlliedSignal General Aviation Avionics, 74 F.3d 882, 887 (8th Cir. 1996).

In his motion for additional time, Plaintiff contends Defendant Brown is currently incarcerated in an out-of-state federal correctional facility. Plaintiff asserts that his attempts to secure personal service on Defendant Brown have been frustrated by Defendant's incarceration and public health restrictions in place at the correctional facility due to the ongoing COVID-19 pandemic. Plaintiff states he has located a process server that believes she can personally serve Defendant, and Plaintiff requests an additional four weeks in order to do so. As Plaintiff's delay in effecting service is not willful and an extension will not prejudice the Defendants, the Court will exercise its discretion to extend the time for service. The Court also grants Plaintiff's request for leave to submit a new summons for certification by the clerk.

After careful consideration,

**IT IS HEREBY ORDERED** that Plaintiff's motion for additional time to serve process and for leave to submit new summons for certification by the clerk [ECF No. 16] is **GRANTED**.

**IT IS FURTHER ORDERED** that the time for service of process and complaint on Defendant Ellis Brown is extended to May 23, 2022.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 25th day of April, 2022.

---

[1] In removed cases, the time period for service begins to run upon removal to the federal district court. Wallace v. Microsoft Corp., 596 F.3d 703, 706 (10th Cir. 2010).